UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **RAUL RAMOS,** § | |
| § | |
| Petitioner, § | |
| § | **CRIMINAL ACTION NO. V-03-40-2** |
| v. § | |
| § | **CIVIL ACTION NO. V-05-29** |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Raul Ramos' ("Ramos") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence of a Person in Federal Custody (Dkt. No. 123). For the reasons set forth herein, Ramos' § 2255 motion is denied.

### Facts and Procedural History

On June, 19, 2003, the Government filed an indictment against Ramos and three co-defendants. Dkt. No. 1. The indictment charged Ramos with possession with intent to distribute approximately 388 kilograms of marihuana and conspiring to do the same. *Id.* In return for a plea of guilty to count one of the charge, the Government agreed to move to dismiss the count charging Ramos with conspiracy. Dkts. No. 50 & 80. The Court accepted Ramos' guilty plea on September 22, 2003.[1] Dkt. No. 50. The Court sentenced Ramos on December 22, 2003, and the Court issued judgment on December 30, 2003. Dkts. No 78 &. 87. Ramos' sentence was enhanced based on the Court's finding that Ramos's role in the offense was that of an organizer, leader, manager, or supervisor and that Ramos had been previously convicted of misprision of a felony. *See* Dkts. No.

---

[1] Ramos ultimately plead guilty to one count of aiding and abetting to possess with intent to distribute approximately 349 kilograms of marihuana. Dkt. No. 87.

69 & 78. Ramos failed to file an appeal and his conviction became final on January 9, 2004. *See* FED. R. APP. P. 4(b)(1)(A)(i) (if no appeal is taken, a conviction is final ten days following the entry of the judgment of conviction); Dkt. No. 87. Although not received by the clerk until March 10, 2005, Ramos filed the pending motion on March 8, 2005, the date on his certificate of service. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); Dkt. No. 123.

## Limitations

A motion filed under Section 2255 must be filed within one year of the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Nothing in Ramos's motion supports extending the starting point beyond the date the judgment became final.

## Discussion

Notwithstanding the time bar, Ramos' argument fails on the merits. Ramos contends that the sentence imposed by the Court is unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* held that, in the context of mandatory state sentencing guidelines, the Sixth Amendment right to a jury trial prohibits judges from enhancing criminal sentences based on facts

2

other than those decided by the jury or admitted by the defendant. *Id.* at 313-14 (relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). The year following *Blakely*, in *United States v. Booker*, a majority of the Supreme Court extended to the federal sentencing guidelines the rule that pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005).[2] Ramos argues that his sentence must be reduced because *Booker* made unconstitutional this Court's use of his leadership role in the offense and misprision of a felony because these findings were not found by a jury nor were they admitted by the defendant.

Indeed, if the Supreme Court decides a case recognizing a new legal right, a federal prisoner seeking to assert that right will have one year from the decision within which to file his motion to vacate.[3] *Dodd v. United States*, 545 U.S. 353, 360 (2005). The federal prisoner may take advantage of that date *only if* the right is newly recognized and made retroactively applicable to cases on collateral review. *Id.* at 358. The Fifth Circuit has ruled that the *Booker* line of cases is not retroactive on collateral review for purposes of post-conviction relief under § 2255. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) ("*Booker* does not apply retroactively to initial § 2255 motions. . . we hold that *Booker* does not apply retroactively"). That is, prisoners challenging judgments that became final before January 12, 2005, may not claim relief pursuant to *Booker*.

---

[2] A different majority of the Court then excised certain statutory provisions that made the federal guidelines mandatory, thereby rendering the guidelines advisory only. *Booker*, 543 U.S. at 222.

[3] *Blakely* was decided on June 24, 2004, *Booker* was decided on January 12, 2005, and Ramos filed this § 2255 motion on March 10, 2005—within a year of both *Blakely* and *Booker*. *Blakely*, 542 U.S. 296; *Booker*, 543 U.S. 220; Dkt. No. 123.

Because Ramos' conviction became final on January 9, 2004, the rule announced in *Booker* does not apply. Accordingly, Ramos' claim is not cognizable on collateral review by this § 2255 motion. Ramos' argument that his sentence should have been reduced based on *Blakely* and/or *Booker* is without merit.

Other than his references to *Blakely* and *Booker*, Ramos offers no explanation for the late filing of his motion under 28 U.S.C. § 2255. Therefore, his motion is untimely under the language of § 2255(1). Since Ramos' motion was filed more than one year after his conviction became final, it is barred by the statute of limitations and he is not entitled to relief.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Ramos has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Ramos' § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, Ramos is not entitled to a COA as to any of his claims.

## Conclusion

For the foregoing reasons, Ramos' 28 U.S.C. § 2255 Motion is DENIED.  The Court also DENIES Ramos a Certificate of Appealability.

It is so ORDERED.

Signed this 6th day of November, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

5